# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

ROBERT DICK,

    Petitioner,

v.                                    Case No. 5:18-cv-35-MCR/MJF

SECRETARY OF THE DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Robert Dick has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent ("the State") moves to dismiss the petition as time barred, providing relevant portions of the state court record. (Doc. 22). Dick has not responded.[1] The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Dick's habeas petition should be dismissed.[2]

---

[1] Dick's response deadline expired on April 5, 2019. (Doc. 25).

[2] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Procedural History

On October 16, 2013, Dick was convicted, pursuant to a counseled no contest plea, of DUI manslaughter (Count I), leaving the scene of a fatal accident (Count II), and DUI with serious bodily injury (Count III) in Bay County Circuit Court Case No. 2012-CF-2598. (Doc. 22, Ex. 1, pp. 96-116 (plea hearing transcript), pp. 124-25 (written plea agreement), 126-34 (judgment)).[3] Dick was sentenced, consistent with the negotiated plea agreement, to a total term of 15 years in prison followed by 5 years on probation. (*Id.*).[4] As part of the plea agreement, Dick waived venue for a probation violation charge in Holmes County Circuit Court Case No. 08-CF-29, admitted to violating his Holmes County probation, and agreed to a 10-year sentence on the probation violation to run concurrently with his Bay County sentences. (*Id.*). The Bay County trial court accepted Dick's plea to the probation violation, adjudicated him guilty of violating his probation, revoked his probation, and

---

[3] All references to exhibits are to those provided at Doc. 22. Where a page of an exhibit bears more than one-page number, the court cites the number appearing at the bottom right corner of the page.

[4] Dick was sentenced to 15 years of imprisonment on Count I, a concurrent term of 15 years of imprisonment followed by 5 years on probation on Count II, and a concurrent term of 5 years of imprisonment on Count III.

sentenced him to the negotiated 10-year sentence in the Holmes County case. Judgment was rendered October 16, 2013. Dick did not appeal.

On December 19, 2013, Dick filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, claiming that his sentence on the Holmes County probation violation exceeded the statutory maximum for the underlying charge (burglary of a dwelling). (Ex. 1, pp. 135-37). The Bay County Circuit Court denied the motion on January 9, 2014. (Ex. 1, pp. 139-74). Dick did not appeal.

On December 10, 2014, Dick filed another *pro se* Rule 3.850 motion in the Bay County Circuit Court, this time claiming that his no contest plea to two of the Bay County offenses lacked a sufficient factual basis. (Ex. 1, pp. 1-20). The circuit court denied relief on the merits on January 30, 2015. (Ex. 1, pp. 117-74). The Florida First District Court of Appeal ("First DCA") affirmed per curiam without written opinion. *Dick v. State*, No. 1D15-1472, 171 So. 3d 703 (Fla. 1st DCA 2015) (Table) (copy at Ex. 3). The mandate issued August 12, 2015. (*Id.*). Dick's petition for review in the Florida Supreme Court was dismissed for lack of jurisdiction on September 4, 2015. *Dick v. State*, No. SC15-1645, 177 So. 3d 1264 (Fla. 2015) (Table) (citing *Jenkins v. State*, 385 So. 2d 1356 (Fla. 1980)).

On October 8, 2015, Dick filed a *pro se* petition for belated direct appeal under Florida Rule of Appellate Procedure 9.141(c). (Ex. 2). The First DCA denied the petition on the merits on September 7, 2016. *Dick v. State*, No. 1D15-4648, 200 So. 3d 63 (Fla. 1st DCA 2016) (Table) (copy at Ex. 2).

On April 27, 2016, Dick filed a *pro se* "Motion to Release Blood Sample for Additional Testing". (Ex. 4, pp. 1-40). The state circuit court denied relief on May 5, 2016. (Ex. 4, pp. 41-82). The First DCA affirmed per curiam without written opinion on September 22, 2016. *Dick v. State*, No. 1D16-2962, 200 So. 3d 1268 (Fla. 1st DCA 2016) (Table) (copy at Ex. 5). The mandate issued October 18, 2016. (*Id.*).

On February 6, 2018, Dick filed a *pro se* second or successive Rule 3.850 motion. (Ex. 6, pp. 9-62). The state circuit court denied the motion as untimely on March 16, 2018. (*Id.*, pp. 63-146). The First DCA affirmed per curiam without written opinion on July 24, 2018. *Dick v. State*, No. 1D18-1380, 250 So. 3d 619 (Fla. 1st DCA 2018) (Table) (copy at Ex. 7). The mandate issued August 28, 2018. (*Id.*)

Dick filed his *pro se* federal habeas petition on January 30, 2018. (Doc. 1, p. 1). Dick raises one claim: "Robert Dick was denied procedural due process and equal protection when he was denied having his materially exculpatory evidence retested for the presence of substance pursuant to newly developed toxicology testing methods." (*Id.*, pp. 6-9). Dick contends his petition is timely under 28 U.S.C. §

2244(d)(1)(D). (Doc. 1, pp. 19-21). The State asserts the petition is time barred and that Dick fails to establish entitlement to equitable tolling. (Doc. 22).

## II.   Discussion

Dick's sole claim here is that the state postconviction court violated his rights to procedural due process and equal protection when it denied his "Motion to Release Blood Sample for Additional Testing," wherein he argued that the blood sample drawn from him after the fatal crash should be subjected to a more sensitive test that, hopefully, would show he was drugged with GHB, thereby supporting a postconviction claim of newly discovered evidence that he was involuntarily intoxicated at the time of the crash. (Doc. 1, p. 6). Dick explains:

> Dick[']s due process rights have been violated by denying him the right to have his evidence retested pursuant to the newly developed scientific testing method that would show he is probably innocent of the crimes he was convicted.
> . . . .
> Dick is entitled to his blood so that his experts can have the opportunity to independently retest the evidence to fully develop facts underlying his claim of: The new testing method would prove his conviction fundamentally unreliable.
>
> Dick[']s incarceration is unconstitutional because his conviction is predicated on a basis that he was not drugged involuntarily, but merely drunk. Which new scientific testing methods would prove to be deficient, unreliable or at question and undermines the fundamental reliability of the conviction.

> He has a right to have his blood retested – at his expense – to insure its reliability and to formulate the basis for his claim. The test[']s result would lead to the ability to file a proper collateral attack on his conviction.

(Doc. 1, pp. 7-8). As relief in this proceeding, Dick seeks: "Remand the case for an evidentiary hearing; or order that the blood sample be released for additional testing at cost to Dick." (*Id.*, p. 22).

This court need not decide the timeliness issue, because the petition should be dismissed for the more fundamental reason that it fails to state a claim on which federal habeas relief may be granted. A prisoner's challenge to the process afforded him in a state postconviction proceeding is not a cognizable claim for federal habeas relief. Such a claim represents an attack on a *proceeding collateral to the prisoner's confinement* and not the confinement itself. *Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1326 (11th Cir. 2010) (holding that habeas petitioner's challenge to state postconviction proceeding—the state court's ruling that petitioner waived his state collateral proceedings—was not cognizable on federal habeas review). The Eleventh Circuit explained in *Alston*:

> Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *see also Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases), *cert. denied*, --- U.S. ----, 130 S. Ct. 500, 175 L. Ed. 2d 355 (2009). There is

Page 6 of 10

>a valid reason behind this principle: "[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment – *i.e.*, the conviction itself – and thus habeas relief is not an appropriate remedy." *Carroll*, 574 F.3d at 1365. Furthermore, such challenges often involve issues of state law, and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992).

*Id.* at 1325-26. *See also Carroll v. Sec'y, DOC, Fla. Attorney Gen.*, 574 F.3d 1354, 1365-66 (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief.") (citing *Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1330 (11th Cir. 2006); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987)).

As this Circuit's precedent forecloses Dick's challenge to the state postconviction court's denial of his request for postconviction testing, the petition should be dismissed. The State's motion to dismiss on statute of limitations grounds should be denied without prejudice to its reassertion of that defense should Dick's petition be deemed to state a cognizable claim for federal habeas relief.

## III.  Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, the petitioner has not made the requisite

demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  28 U.S.C. § 2254 Rule 11(a).  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

**IV.   Conclusion**

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Robert Michael Dick, III*, Bay County Circuit Court Case No. 2012-CF-2598, be **DISMISSED WITH PREJUDICE**.

2.  Respondent's motion to dismiss the petition as untimely (Doc. 22) be **DENIED WITHOUT PREJUDICE**.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this file.

At Panama City, Florida, this <u>16th</u> day of April 2019.

                                      <u>/s/ *Michael J. Frank*</u>
                                      **Michael J. Frank**
                                      **United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**